IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AZIZ MOULAYE ZOUNDI,

Petitioner,

vs.

DAVID EASTERWOOD, Acting Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, in his official capacity; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; MARKWAYNE MULLIN, Secretary of Homeland Security, in his official capacity; TODD BLANCHE, Attorney General of the United States, in his official capacity; and OFFICER IN CHARGE, Omaha Sub-Office, ICE ERO, in their official capacity;

Respondents.

**8:26CV661**

**MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE**

This matter comes before the Court on Petitioner's Petition for Writ of Habeas Corpus, Filing No. 1, and Motion for Temporary Restraining Order, Filing No. 3. For the reasons set forth herein, the Court denies the motion for temporary restraining order and requires Respondents to show cause why the Petition should not be granted.

## I. BACKGROUND

Petitioner is a native and citizen of Burkina Faso who was admitted on an F-1 student visa in August 2012. Filing No. 1 at 3. He became a lawful permanent resident on May 13, 2016, via a marriage petition by his first wife, a United States citizen. Filing No. 1 at 3–5. He is now remarried to a lawful permanent resident and has two United States citizen children. Filing No. 1 at 3. In 2023, Petitioner was convicted of third-degree

sexual assault and sentenced to eighteen months' probation, which he satisfactorily completed. Filing No. 1 at 4.

On August 20, 2026, DHS initiated removal proceedings, alleging as the sole ground of removability that his first marriage, through which he obtained his green card, was a sham. Filing No. 1 at 5. His removal case remains pending. Filing No. 1 at 5.

ICE took Petitioner into custody. Filing No. 1 at 5. On October 7, 2026, after a hearing, an immigration judge issued an order granting Petitioner a bond of $15,000. Filing No. 5-1 at 6. The immigration judge concluded a bond was appropriate despite Petitioner's criminal conviction because he presented evidence of rehabilitation and other positive equities. Filing No. 5-1 at 5. Petitioner posted the bond on October 8 and was released. Filing No. 5-1 at 10.

DHS appealed the immigration judge's bond order. Filing No. 5-1 at 16. DHS also filed an emergency motion to stay the bond order while the BIA decides the appeal. Filing No. 5-1 at 23. The BIA granted the motion for discretionary stay on October 15, 2026. Filing No. 5-1 at 3. The appeal of the bond decision remains pending. Respondents have ordered Petitioner to report for an ICE check-in on November 4, 2026, and to bring his passport. Filing No. 5-1 at 14. Petitioner presumes he will be detained at this check in. *See* Filing No. 1.

Petitioner filed a petition for writ of habeas corpus, arguing he should not be re-detained. Filing No. 1. He seeks a temporary restraining order preventing Respondents from re-arresting him.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 65(b) allows the Court to issue a temporary restraining order without notice to avoid “immediate and irreparable injury, loss, or damage” to the moving party. In deciding whether to issue a temporary restraining order, the Court considers: “(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.” *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc).

## III. ANALYSIS

Petitioner seeks a temporary restraining order preventing Respondents from re-arresting him. Filing No. 3. The Court analyzes his request under the *Dataphase* factors.

### A. Likelihood of Success on the Merits

The Court starts with the “most important” factor—Petitioner’s likelihood of success on the merits. *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 706 (8th Cir. 2011). In this posture, Petitioner “must show that it has at least a ‘fair chance of prevailing.’” *Miller v. Honkamp Krueger Fin. Servs., Inc.*, 9 F.4th 1011, 1014 (8th Cir. 2021) (quoting *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013)).

The BIA has the authority to stay bond orders pending appeal:

> ***General discretionary stay authority.*** The Board of Immigration Appeals (Board) has the authority to stay the order of an immigration judge redetermining the conditions of custody of an alien when the Department of Homeland Security appeals the custody decision or on its own motion. DHS is entitled to seek a discretionary stay (whether or not on an emergency basis) from the Board in connection with such an appeal at any time.

8 C.F.R. § 1003.19(i)(1).

Petitioner does not argue that the BIA was without authority to stay the order, and the Court agrees the regulation plainly vests it with such authority. Rather, Petitioner argues that because he posted bond and was released prior to the BIA staying the order, he cannot now be re-detained. The Court is not persuaded Petitioner is likely to prevail on this argument. The effect of a stay is to prevent the stayed order from taking effect and to preserve the status quo prior to that order. That is, in this case, the effect of the stay is to prevent the order allowing Petitioner's release on bond from taking effect and to maintain Petitioner in detention where he was prior to that order. The regulation does not specify that a stay can only be granted if the Petitioner remains in custody at the time it is ordered. To read such a requirement into the regulation would result in perverse incentives, like DHS rushing to immediately seek a stay simply in order to "beat" a Petitioner's release rather than weighing the merits of requesting a stay prior to filing.

Accordingly this factor weighs against issuance of a temporary restraining order.

**B. Irreparable Harm**

Irreparable harm occurs when a party has no adequate remedy at law, typically because its injuries cannot be fully compensated through an award of damages." *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009). The Court agrees that Petitioner's liberty interest implicates more than mere economic harm. However, because the Court will order Respondents to immediately answer the petition and will thereafter promptly resolve the case on the merits, the impact on Petitioner's liberty interest will be time-limited. This factor therefore weighs slightly in favor of issuance of injunctive relief.

**C. Balance of the Harms and the Public Interest**

The third factor the Court considers is the balance of harms. Respondents' and the public's interest is in the upholding of lawfully issued agency orders. This factor weighs against issuance of the temporary restraining order.

## IV. CONCLUSION

Petitioner has not met his burden to show that a temporary restraining order is warranted. However, the Court will order Respondents to promptly respond to the Petition. Therefore, pursuant 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

1. Petitioner's Motion for Temporary Restraining Order, Filing No. 3, is denied.
2. The Clerk of the Court shall, before docketing this Order, add Assistant U.S. Attorney Christopher L. Ferretti for the federal Respondents solely for the purpose of providing notice and so that the U.S. Attorney's Office may assign counsel of record and shall, after doing so, regenerate the filing for the petition.
3. The respondents shall, on or before **November 9, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.
4. The respondents' answer must include:
    a. Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

b. A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

c. The government's position on whether an evidentiary hearing should be conducted

d. Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant; and

e. Copies of all documents referenced in Respondents' responsive brief or in a supporting declaration of a deportation officer, except that Respondents need not produce criminal case records not in their possession. For matters on appeal to the Board of Immigration Appeals, Respondents shall produce only the notice of appeal and any ruling from the BIA addressing the merits of the appeal;

5. The petitioner may reply in support of the petition on or before **November 18, 2026**.

6. Should the petitioner come into custody, the respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

Dated this 29th day of October, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge