IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AZIZ MOULAYE ZOUNDI,

Petitioner,

vs.

DAVID EASTERWOOD, Acting Field Office Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations, in his official capacity; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement, in his official capacity; MARKWAYNE MULLIN, Secretary of Homeland Security, in his official capacity; TODD BLANCHE, Attorney General of the United States, in his official capacity; and OFFICER IN CHARGE, Omaha Sub-Office, ICE ERO, in their official capacity;

Respondents.

**8:26CV661**

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner's Supplemental Motion for Temporary Restraining Order. Filing No. 8.

Framed as a motion to reconsider, Petitioner argues that in denying his motion for temporary restraining order, the Court improperly rejected his argument that only the district director of DHS or certain other named officials can re-detain a released alien. Petitioner argues that because he posted his bond before the BIA stayed the Immigration Judge's bond order, he cannot be re-detained unless the DHS district director orders it. In his view, therefore, because only the BIA and not the district director have ordered him detained, he cannot be re-arrested.

The regulation Petitioner refers to provides as follows:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

8 C.F.R. § 236.1(c)(9).

By contrast, the Court held the Board of Immigration Appeals had the authority to stay the Immigration Judge's bond pending appeal under the following regulation:

> ***General discretionary stay authority.*** The Board of Immigration Appeals (Board) has the authority to stay the order of an immigration judge redetermining the conditions of custody of an alien when the Department of Homeland Security appeals the custody decision or on its own motion. DHS is entitled to seek a discretionary stay (whether or not on an emergency basis) from the Board in connection with such an appeal at any time.

8 C.F.R. § 1003.19(i)(1).

The regulation to which Petitioner cites governs the scenario in which DHS wishes to revoke an alien's release – hence the reference to the "discretion of the district director." Here, it is not DHS itself seeking to revoke Petitioner's release. Rather, DHS sought a court order from the BIA to stay Petitioner's release, which the BIA granted. The regulation upon which the Court relied relates to the situation presented in the case at hand: where the BIA has stayed an immigration judge's bond order pending DHS's appeal. The Court therefore correctly applied § 1003.19(i)(1) to the analyze Petitioner's motion.

Petitioner provides no authority for his novel argument that DHS must contravene a court order to maintain an alien in custody unless its district director also agrees with it. The Court finds Petitioner has still not shown a likelihood of success on the merits.

Accordingly,

IT IS ORDERED:

1. Petitioner's Supplemental Motion for Temporary Restraining Order, Filing No. 8, is denied.
2. All other deadlines remain as previously set, and the Court's order denying a temporary restraining order and prohibiting Petitioner's removal, Filing No. 7, remains in full effect.

Dated this 2nd day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge